UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
THE BOARD OF TRUSTEES OF LOCAL 802
MUSICIANS HEALTH FUND,

                        Trustees,

      - against -

PARADISE SQUARE BROADWAY LIMITED
PARTNERSHIP D/B/A PARADISE SQUARE
PRODUCTION SERVICES, INC. D/B/A PARADISE
SQUARE BROADWAY RECORDING LLC, and
BERNARD ABRAMS,

                        Defendants.
------------------------------------------------------------------- x

Civil Action No. 1:22-cv-09407-VSB

## CONSENT JUDGMENT AND FORBEARANCE AGREEMENT

Upon agreement, Plaintiff Board of Trustees of Local 802 Musicians Health Fund ("Trustees") and Defendant Paradise Square Broadway Limited Partnership *d/b/a* Paradise Square Production Services, Inc. *d/b/a* Paradise Square Broadway Recording LLC ("Paradise Square") and Defendant Bernard Abrams ("Abrams") (collectively, the "Defendants"), hereby stipulate to entry of judgment in favor of the Trustees and against Defendants jointly and severally (the "Judgment"), on the following terms:

        1.      The Defendants waive service of process and any defenses pertaining to the Court's jurisdiction over them, and waive any other defenses (except payment) to this Judgment, and shall have judgment entered against them, and hereby do have such judgment entered in favor of the Trustees in the amount of $23,203.47[1] (the "Judgment Amount"), less any

---

[1] This amount includes: (a) $10,176.96 in unpaid contributions, (b) $854.87 in interest (calculated from the due date of the contribution through April 1, 2023 and then on the declining balance pursuant to the payment schedule set forth herein), (c) $2,035.39 in liquidated damages (20% of the unpaid contributions), and (d) $10,136.25 in attorneys' fees and costs through March 31, 2023.

1

payments made by the Defendants towards this amount. The Defendants will pay the Judgment Amount in two installments in equal parts: the first installment will be due 90 days from April 1, 2023 (June 30, 2023) and the second installment will be due 180 days from April 1, 2023 (September 28, 2023).

2. The Defendants admit, accept, and voluntarily submit to the jurisdiction of the Court for all purposes, including but not limited to venue and enforcement of this Judgment, and for any other purpose under agreement or law.

3. The Trustees agree to forebear from enforcing this Judgment unless and until the Defendants default and fail to cure, as set out herein, and further agree to file a satisfaction of judgment with the Court upon satisfaction of all of the Defendants' obligations under this Consent Judgment and Forbearance Agreement (the "Agreement"), upon request from the Defendants.

4. Default hereunder shall mean the Defendants' failure to satisfy any obligation hereunder.

5. Cure of default means tender of the payment that is the subject of the default within ten (10) calendar days after written notice is transmitted to the Defendants' counsel by email at the following address: rich@rrothlaw.com. Cure of default as referenced herein shall mean full cure of default. The Trustees are not required to provide additional written notice of default in the event a default is partially cured, including in the event that additional amounts become due under this Judgment after the written notice of default was provided.

6. If the Defendants do not cure such default within ten (10) calendar days, the Trustees may, in their complete discretion, enforce against the Defendants for the full Judgment Amount (less any payments made) as a final judgment of the Court, without further

notice to the Defendants or any third party. Without prejudice or delay to its right to enforce the Judgment, the Trustees may also seek to amend the Judgment (or take any other action under law or agreement) to collect any additional amounts due, including but not limited to additional interest and liquidated damages, and attorney's fees and costs, which shall become immediately due upon default. The Trustees' failure to avail themselves of these remedies at any time shall not limit their right to do so at any other time.

7. The Defendants acknowledge that this Judgment does not cover amounts due to the Local 802 Musicians Health Fund not specifically listed herein, including but not limited to unpaid contributions, any interest thereon, and attorney's fees and costs. This Judgment shall be without prejudice of the right of Trustees to audit the books and records of Paradise Square for any time period, and to collect any contributions found to be due and owing as a result of any such audit; shall not limit or restrict any amounts due from the Defendants or remedies available to the Trustees under any other agreement with the Defendants or any agreements with other parties or pursuant to applicable laws; shall not limit the Trustees' rights with respect to any other lawsuit that has been filed or is in the future filed by the Trustees; and shall not limit the Defendants' or any other individual's or entity's liability in any way for any amount that may be due from such entity. With respect to any amounts the Trustees claims are due, other than the Judgment Amount, Defendants retain any and all defenses that they may have. Notwithstanding and without limiting the foregoing, the parties understand that the Trustees do not waive any claim against any of the Defendants, except to the extent Defendants satisfy their obligations under the Agreement. This Judgment is being entered into between the parties for the sole purpose of ending costly litigation in favor of a voluntary and immediate resolution of these disputes.

8.  The individuals who execute this Judgment represent and acknowledge that they have the authority to do so and that the appropriate authorizations have been obtained. The parties acknowledge that they have consulted legal counsel of their choosing in this matter. This Judgment cannot be changed or terminated except in writing signed by both parties. This Judgment may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute the same instrument. Copied executed signatures shall be considered as original executed signature pages.

AND NOW,

1.  Judgment is hereby entered in favor of Plaintiff Trustees and against Defendants Paradise Square and Bernard Abrams, jointly and severally, in the amount of **$23,203.47**.

2.  The terms set forth above are approved and are incorporated by reference into this Judgment.

SO ORDERED.  05/10/2023

*Vernon Broderick*

The Clerk of Court is respectfully directed to close the case.

THE HONORABLE VERNON S. BRODERICK, U.S.D.J.

*Agreed and Accepted*:

4

On behalf of BOARD OF TRUSTEES OF LOCAL 802 MUSICIANS HEALTH FUND

Signed: [signature]

Date: 5/4/23

Print Name — Union Trustee: Augustino Gagliardi

Title: Pres. + Ex. Director

Signed: [signature]

Date: 05/03/2023

Print Name — Employer Trustee: Christopher Brockmeyer

Title: Trustee

On behalf of PARADISE SQUARE BROADWAY LIMITED PARTNERSHIP D/B/A PARADISE SQUARE PRODUCTION SERVICES, INC. D/B/A PARADISE SQUARE BROADWAY RECORDING LLC

Signed: [signature]

Date: May 3/23

Print Name: Bernard Abrams

Title: President

On behalf of BERNARD ABRAMS

Print Name: [signature]

Signed: [signature]

Title:

Date: May 3/23